Eleanor M. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 2093-68.
United States Tax Court
T.C. Memo 1970-48; 1970 Tax Ct. Memo LEXIS 314; 29 T.C.M. (CCH) 213; T.C.M. (RIA) 70048; February 19, 1970, Filed Eleanor M. Miller, pro se, 3033 Texas Ave., Pittsburgh, Pa.D.Alden Newland, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the year 1966 in the amount of $413.86. Concessions having been made, the only issues for decision are (1) whether petitioner received unreported income in the amount of $1,600 during the taxable year 1966 pursuant to a support decree; (2) whether petitioner is entitled to use the rates of tax on heads of households (section 1(b)(2)); [1] and (3) whether petitioner is entitled to use the standard deduction (section 142(a)). Findings of Fact Some of the facts have been stipulated and are so found. The stipulations and exhibits attached thereto are incorporated herein by this reference. Eleanor M. Miller (hereinafter sometimes referred to as Eleanor or petitioner) was a legal resident of Pittsburgh, Pennsylvania, at the time the petition herein was filed. She filed a U.S. Individual *316 Income Tax Return for the taxable year 1966 with the district director of internal revenue, Pittsburgh, Pennsylvania. On September 9, 1939, Eleanor married John Donald Miller (hereinafter sometimes referred to as John), from whom she separated in August 1961. Prior to the time of separation, Eleanor and John had five children, two of whom (Glen and Douglas) continued to live with Eleanor after the separation. On October 2, 1961, an order was entered in the County Court of Allegheny County, Pennsylvania, in the case of Commonwealth v. John D. Miller, No. 1400, 1961, which charged petitioner's husband, John, with "desertion and non-support." The order of the court specified that John was to pay $300 a month "for the support of his wife and children (Michael, Glen & Douglas)." On June 12, 1962, an order was entered in the County Court of Allegheny County, Pennsylvania, in the above-mentioned case, which specified that John was to pay $100 a week "for the support of his wife and children (Michael, Glenn & Douglas)." A stipulation attached to the order of June 12, 1962, provided: And now, to wit, this 14th day of June, 1962 it is hereby ordered and decreed upon stipulation and *317 agreement between the parties and in contemplation of a property settlement and written settlement agreement entered into which said agreement is incorporated herein by reference thereto, the defendant is to pay $100.00 per week for support of wife and two (2) children. Petitioner signed both the order of the County Court of Allegheny County, dated June 12, 1962, and the stipulation attached 214 thereto. The order remained in full force throughout the year in issue. During the year 1966, John paid $4,800 to the Clerk of the County Court of Allegheny County, and Eleanor received such amount from the Clerk, all pursuant to the above-mentioned order. Throughout the taxable year 1966, Eleanor remained married to her husband, although they were separated. She did not return or refund any of the support payments she received in 1966, and on her U.S. Individual Income Tax Return for such year reported only $3,200 of the $4,800 received as income. On her return, Eleanor also claimed "Unmarried Head of Household" status, and computed her tax by using the "optional tax for adjusted gross income of less than $5000" under section 3. It is stipulated that although petitioner claimed no *318 itemized deductions, she is entitled to them in the amount of $375 for the year in issue. Petitioner's husband, John, filed a U.S. Individual Income Tax Return for the taxable year 1966, in which he determined his tax under section 1 without regard to the standard deduction. Opinion In the instant case, petitioner failed to report $1,600 received pursuant to a support decree. Respondent contends that such sum is properly includable in income under section 71(a)(3), which provides: SEC. 71(a)(3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. Petitioner appeared pro se in the instant case. From her testimony at trial and her brief, her contentions for excluding such sum from income appear to be divisible into three separate parts: (1) the $1,600 should be excluded because her husband orally *319 agreed to increase the support payments from $300 per month to $100 per week to enable her to make mortgage payments on their former home; (2) the support order of June 12, 1962, is void because it was fraudulently obtained and therefore the additional support payments received, over and above those called for by the order of October 2, 1961, were not paid pursuant to a support order and are not includable in her income under section 71(a)(3); and (3) the $1,600 was excludable under section 71(b) [2] because it was indirectly for the support of minor children. Even assuming that point (1) is a valid ground for excluding the sum from income, the evidence introduced in no way substantiates the argument that the support order was increased so that petitioner could pay a mortgage on her home, which, admittedly, had been sold prior to 1966. Petitioner's statements to this effect *320 are insufficient for such a finding. No additional evidence, other than the decree and stipulation of June 12, 1962, has been introduced or shown to exist, and those documents do not substantiate the contention. We consider it unnecessary to belabor the points relied on by petitioner with regard to her second contention. Suffice to say that we have considered the facts relating to the order of June 1962, and find no foundation for an assertion that any fraud was involved. As for petitioner's third argument, section 71(b) specifically states that before any portion of support payments may be excluded, a decree or other instrument or agreement must "fix" a portion of such payments "for the support of minor children of the husband." The Supreme Court in has held that the purpose of the parties as to the utilization of support funds for minors is not controlling unless it is incorporated in a written instrument and the support payments for minor children are "specifically designated" or "fixed" therein. In the instant case, the support order of June 12, 1962, does not designate any portion for the support of minor children *321 and, accordingly, we must find against petitioner. Such a result seems harsh. Petitioner has been deserted by her husband and finds herself largely dependent on the funds from the support order. We sympathize with her 215 present financial conditions but we have no alternative other than to follow the statutory mandate. The remaining two issues for decision involve the questions whether petitioner is entitled to "head of a household" tax rates for the year 1966, pursuant to section 1(b), and whether she is entitled to the standard deduction under section 141. Section 1(b)(2), defining a "head of household," provides that - an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, * * * It is clear, since petitioner was married at the close of 1966, that we must hold for respondent on this issue. The standard deduction is not allowed under section 142(a) "to a husband or wife if the tax of the other spouse is determined under section 1 * * * without regard to the standard deduction." Petitioner stipulated that her husband filed his individual income tax return for the taxable year 1966 by computing *322 tax under section 1 without regard to the standard deduction and, accordingly, petitioner is not entitled to that deduction. Respondent has agreed, however, that she is entitled to itemized deductions of $375 which will be used in the recomputation of her tax. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. SEC. 71(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩